Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO J. FLORES,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC, a limited liability company; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No.: **'21CV77   JLS   BLM**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1.　　This is an action for damages brought by an individual consumer against Defendants for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq*. ("Rosenthal Act") which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

//

//

## II.  JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III.  PARTIES

3. Plaintiff FRANCISCO J. FLORES is a natural person residing in the state of California, County of San Diego.

4. Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant") at all times relevant was a limited liability company in the business of collecting debts in San Diego County, California operating from an address at 120 Corporate Boulevard, Norfolk, Virginia 23502.

5. Defendants are engaged in the collection of debts from consumers using the mail and telephone.  Defendants regularly attempt to collect consumer debts alleged to be due. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6) and by the Rosenthal Act, California Civil Code §1788.2(c).

6. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.  Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff.  Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

8. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

9. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code §1788.2(h).

10. The purported debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

## IV.  FACTUAL ALLEGATIONS

11. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

12. At a time unknown, Defendant Portfolio Recovery Associates, LLC acquired information regarding an account it claimed Plaintiff owed ("the Debt").

13. Plaintiff provided notice to Defendant that he had an attorney.

14. Defendant sent written correspondence to Plaintiff after it had knowledge he was represented by counsel.

15. The correspondence was an attempt to collect the Debt.

16. Defendant repeatedly called Plaintiff in an attempt to collect the Debt.

17. Plaintiff is a quadriplegic and suffers from a multitude of other medical issues.

18. Plaintiff is unemployed and is of limited financial means.

19. Given Plaintiff's health and financial conditions the repeated illegal collection contacts caused severe emotional distress.

## V.  FIRST CLAIM FOR RELIEF
### (Against all Defendants for Violation of the FDCPA)

20. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

21. Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

  (a) The Defendants violated 15 U.S.C. § 1692b(6) by communicating with a person other than the Plaintiff's attorney after the debt collector knew the Plaintiff was represented by an attorney.

  (b) The Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with the Plaintiff after the Defendant knew that the Plaintiff was represented by an attorney;

  (c) The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the alleged debt; and

  (d) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt.

22. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI.  SECOND CLAIM FOR RELIEF
(**Against all Defendants for Violation of the Rosenthal Act**)

23. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

24. Defendants violated the Rosenthal Act, by including but not limited to, the following:

  (a) The Defendants violated California Civil Code §1788.14(c) by communicating with the Plaintiff after the Plaintiff's attorney notified the Defendants that the Plaintiffs were represented by an attorney; and

  (b) The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above.

25. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

26.     As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

27.     Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

    (a)   Actual damages;

    (b)   Statutory damages;

    (c)   Costs and reasonable attorney's fees;

    (d)   Punitive damages; and

    (e)   For such other and further relief as the Court may deem just and proper.

Date:  January 14, 2021

                                          _____s/ Jeremy S. Golden_____
                                          Jeremy S. Golden,
                                          Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

Date:  January 14, 2021

                                          _____s/ Jeremy S. Golden_____
                                          Jeremy S. Golden,
                                          Attorney for Plaintiff